**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-cv-925-WYD-CBS

CLARA DORN,

      Plaintiff,

v.

EDWARD A. MUELLER,
CHARLES L. BIGGS,
K. DANE BROOKSHER,
PETER S. HELLMAN,
R. DAVID HOOVER,
PATRICK J. MARTIN,
CAROLINE MATTHEWS,
WAYNE W. MURDY,
JAN L. MURLEY,
MICHAEL J. ROBERTS,
JAMES A. UNRUH,
ANTHONY WELTERS,
QWEST COMMUNICATIONS INTERNATIONAL INC., and
CENTURYTEL, INC.

---

**PLAINTIFFS' MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT
INTERIM CO-LEAD CLASS COUNSEL AND INTERIM LIAISON CLASS COUNSEL**

---

[Caption continued on following page.]

Civil Action No. 1:10-cv-939-REB-MJW

ZAHID SHAH, Individually and on Behalf of All Others Similarly Situated,

     Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL,
CENTURYTEL, INC.,
EDWARD A. MUELLER,
CHARLES L. BIGGS,
K. DANE BROOKSHER,
PETER S. HELLMAN,
R. DAVID HOOVER,
PATRICK J. MARTIN,
CAROLINE MATTHEWS,
WAYNE W. MURDY,
JAN L. MURLEY,
MICHAEL J. ROBERTS,
JAMES A. UNRUH and
ANTHONY WELTERS,

     Defendants.

[Caption continued on following page.]

Civil Action No.: 1:10-cv-959-CMA-BNB

LAWRENCE TREPPEL, Individually and on Behalf of All Others Similarly Situated,

     Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation,
CENTURYTEL, INC.,
EDWARD A. MUELLER,
JOSEPH J. EUTENEUER,
CHRISTOPHER K. ANCELL,
CHARLES L. BIGGS,
K. DANE BROOKSHER,
PETER S. HELLMAN,
R. DAVID HOOVER,
PATRICK J. MARTIN,
CAROLINE MATTHEWS,
WAYNE W. MURDY,
JAN L. MURLEY,
MICHAEL J. ROBERTS,
JAMES A. UNRUH and
ANTHONY WELTERS,

     Defendants.

[Caption continued on following page.]

Civil Action No.: 1:10-cv-984-WDM-CBS

IRON WORKERS DISTRICT COUNCIL OF TENNESSEE VALLEY & VICINITY
PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,

     Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation,
CENTURYTEL, INC.,
SB44 ACQUISITION COMPANY,
EDWARD A. MUELLER,
JOSEPH J. EUTENEUER,
CHRISTOPHER K. ANCELL,
CHARLES L. BIGGS,
K. DANE BROOKSHER,
PETER S. HELLMAN,
R. DAVID HOOVER,
PATRICK J. MARTIN,
CAROLINE MATTHEWS,
WAYNE W. MURDY,
JAN L. MURLEY,
MICHAEL J. ROBERTS,
JAMES A. UNRUH and
ANTHONY WELTERS,

     Defendants.

[Caption continued on following page.]

Civil Action No. 1:10-cv-1025-JLK-MJW

CITY OF DANIA BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL,
CENTURYTEL, INC.,
EDWARD A. MUELLER,
CHARLES L. BIGGS,
K. DANE BROOKSHER,
PETER S. HELLMAN,
R. DAVID HOOVER,
PATRICK J. MARTIN,
CAROLINE MATTHEWS,
WAYNE W. MURDY,
JAN L. MURLEY,
MICHAEL J. ROBERTS,
JAMES A. UNRUH and
ANTHONY WELTERS,

      Defendants.

Plaintiffs Clara Dorn, Zahid Shah, Lawrence Treppel, Ironworkers District Council of Tennessee Valley & Vicinity Pension Plan and City of Dania Beach Police & Firefighters' Retirement System (collectively, "Plaintiffs"), hereby move: (1) pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCiv.R. 42, for consolidation of the above-captioned related cases; and (2) pursuant to Fed. R. Civ. P. 23(g), for the appointment of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Robbins Umeda LLP ("Robbins Umeda") as Interim Co-Lead Class Counsel and The Shuman Law Firm as Interim Liaison Class Counsel.

Pursuant to D.C.COLO.LCiv.R. 7.1, the undersigned counsel has conferred with plaintiffs' counsel in the above-captioned cases. Plaintiffs all agree to consolidation and the proposed plaintiffs' counsel structure. Undersigned counsel has also attempted to confer with defendants' counsel though emails and via telephone regarding their respective positions on the requested relief. As of the time this motion was filed, counsel for defendants has not communicated their positions on the relief requested. Once counsel for the respective defendants' communicates their positions, the undersigned counsel will inform this Court accordingly.

## INTRODUCTION

Plaintiffs respectfully request that the Court consolidate the five Related Actions[1] in order to avoid duplication of efforts and conserve judicial resources. Each of the Related Actions is brought on behalf of the public shareholders of Qwest Communications International Inc. ("Qwest" or the "Company") against Qwest, Qwest's directors (the "Board") and CenturyTel, Inc. ("CenturyTel") arising out of their attempts to sell the Company to CenturyTel via an unfair process and at an unfair price (the "Proposed Transaction"). Thus, consolidation is appropriate and an efficient way for the Court to oversee prosecution of the Related Actions.

Plaintiffs further request that the Court appoint Robbins Geller and Robbins Umeda as Interim Co-Lead Counsel and the Shuman Law Firm as Interim Liaison Counsel in the Related Actions. As discussed below and as demonstrated in the attached Firm Resumes (*See* Exs. A-C), each of the three law firms have extensive experience in class actions, merger litigation, and have a long and successful history of prosecuting complex class actions in this district. As such, the law firms are well-qualified and respectfully request that they be appointed Interim Co-Lead and Liaison Counsel.

---

[1]    The Related Actions are *Clara Dorn v. Edward A. Mueller, et al.*, No. 1:10-cv-00925-WYD-CBS (April 23, 2010); *Zahid Shah v. Qwest Communications International, et al.*, No. 1:10-cv-00939-REB-MJW (April 26, 2010); *Lawrence Treppel v. Qwest Communications International, Inc., et al.*, No. 1:10-cv-00959-CMA-BNB (April 27, 2010); *Iron Workers District Council of Tennessee Valley & Vicinity Pension Plan v. Qwest Communications International, Inc., et al.*, No. 1:10-cv-00984-WDM-CBS (April 29, 2010); and *City of Dania Beach Police & Firefighters' Retirement System v. Qwest Communications International, et al.*, No. 1:10-cv-1025-JLK-MJW (May 5, 2010).

## BACKGROUND

This shareholder class action arose out of the announcement made on April 22, 2010 by Qwest that the Board had agreed to sell Qwest to CenturyTel in a stock-for-stock transaction that valued Qwest's shares at $6.02.  ¶2.[2]  Following announcement of the Proposed Transaction, Plaintiffs directed their counsel to conduct an investigation of public information and make a recommendation as to whether they should challenge the Proposed Transaction.  Over the next week, after a thorough review of the publicly-available information regarding the Proposed Transaction, plaintiffs filed complaints on behalf of Qwest's public shareholders seeking to enjoin the Proposed Transaction.

Plaintiffs, in their complaints, allege that the Proposed Transaction is an opportunistic transaction that: (i) does not reflect a premium to the trading price of the Company; (ii) does not take into account the Company's $5.8 billion worth of net operating losses which will give CenturyTel tax savings of approximately $1.7 billion discounted to net present value; and (iii) undervalues the Company's long-term prospects as a provider of landline DSL internet services to rural communities without broadband cable internet access or fiber-optic transmission lines.  ¶¶2-6, 42-47.  Moreover, Plaintiffs allege that the Proposed Transaction is designed to ensure the sale of Qwest to CenturyTel on terms preferential to certain Qwest directors, officers and CenturyTel, including the promise of continuing employment for the Company's CEO and three directors.  ¶¶8-19, 48-51.

---

[2]      All "¶" and "¶¶" references are to plaintiff Iron Workers District Council of Tennessee Valley & Vicinity Pension Plan's Class Action Complaint, Case No. 1:10-cv-984-WDM-CBS filed April 29, 2010.

Further, Plaintiffs allege that the merger agreement between Qwest and CenturyTel contains preclusive deal protection devices designed to deter potential higher competing bids for the Company.  ¶¶8-19, 48-51.  In short, the Proposed Transaction is the result of a flawed process fraught with conflicts of interest that does not adequately compensate shareholders for their investment in the Company.  Plaintiffs seek to enjoin the Proposed Transaction unless and until defendants cure these and other breaches of fiduciary duty.

## ARGUMENT

## I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Fed. R. Civ. P. 42(a) provides that consolidation is appropriate when the actions involve common questions of law or fact:

> If actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Consolidation "is committed to the sound discretion of the trial court." *Skaggs v. Level 3 Communications, Inc.*, 2009 WL 458682, at *1 (D.Colo. Feb. 24, 2009), citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). "The purpose of Rule 42(a) is 'to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'" *Id*. at *1, citing *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D.Colo. 2004) (quoting, 9 C. Wright & A. Miller, Federal Practice & Procedure §2381 at 427 (2nd ed. 1995)).

Here, consolidation is appropriate because the Related Cases assert similar claims, on behalf of the same Class, based on nearly identical legal theories and underlying facts.

- 4 -

The actions also assert similar theories of damages and recovery, namely, that Plaintiffs and the Class were harmed by Defendants' breaches of fiduciary duty and that the Proposed Transaction should be enjoined.  Based on the existence of common questions of law and fact, in the interests of judicial economy, and to avoid the risk of inconsistent adjudications, Plaintiffs' respectfully assert that consolidation of the above-captioned actions - and any others filed subsequent to this motion which purport to assert claims against Defendants in connection with the aforementioned allegations - is warranted.

## II. PLAINTIFFS' COUNSEL SHOULD BE APPOINTED INTERIM LEAD AND LIASION COUNSEL

Under Fed. R. Civ. P. 23(g)(3), the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Rule 23(g)(1)(A) enumerates four factors that the Court should consider when appointing counsel for a certified class:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types  of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

These factors are relevant also to the appointment of interim counsel.  *Walter v. Level 3 Communs., Inc.*, 2010 U.S. Dist. LEXIS 26142 (D. Colo. Mar. 18, 2010).

Under these criteria, Robbins Geller, Robbins Umeda and the Shuman Law Firm (collectively, "Plaintiffs' Counsel") are best qualified to represent the interests of the class.

## A.     The Work Plaintiffs' Counsel Has Done Investigating and Identifying Potential Claims

As noted previously, Plaintiffs' Counsel began investigating the Proposed Transaction when it was announced.  The complaints filed by Plaintiffs reflect Plaintiffs' Counsel's substantial factual and legal investigation in support of the class claims involving the rights of shareholders in this stock-for-stock transaction.  Plaintiffs' Counsel thoroughly reviewed the available factual information regarding the Proposed Transaction, including, but not limited to documents in the public domain concerning the Proposed Transaction.

Through its review, Plaintiffs' Counsel has determined, as discussed above, that the Proposed Transaction is designed to unlawfully divest and dilute Qwest's public shareholders of the Company's valuable assets for grossly inadequate consideration. Plaintiffs' Counsel also determined that defendants have implemented and are maintaining improper deal protection devices designed to preclude topping bids for the Company, and that the Company's CEO and its Board of Directors are burdened with disabling conflicts of interest in connection with their approval of the Proposed Transaction.  Plaintiffs' Counsel incorporated this investigation into the complaints.

Moreover, Plaintiffs' Counsel has continued and will continue to investigate the Proposed Transaction.  Plaintiffs' Counsel is prepared to move forward on an expedited basis.  Defendants intend to complete the Proposed Transaction within a couple of months. Because time is of the essence in this quick-moving litigation, Plaintiffs' Counsel, on behalf of Plaintiffs, may soon file a  motion to expedite discovery so that Plaintiffs may prepare as complete an evidentiary record as possible to present to the Court in support of Plaintiffs'

forthcoming motion to preliminarily enjoin the impending pending shareholder vote on the Proposed Transaction.

Thus, Plaintiffs' Counsel has demonstrated that they have, are and will continue to identify and investigate all potential claims and efficiently and aggressively protect the interests of Plaintiffs and the class. This factor, therefore, supports the appointment of Robbins Geller and Robbins Umeda as Interim Co-Lead Counsel and the Shuman Law Firm as Interim Liaison Counsel.

### B.    Plaintiffs' Counsel's Experience in Similar Actions

Plaintiffs' Counsel each have substantial experience in handling similar complex securities class actions.

Robbins Geller is uniquely qualified to litigate this action on behalf of the Company's shareholders. As reflected in the attached Firm Resume, Robbins Geller has extensive experience and has achieved tremendous success in handling shareholder litigation, including claims brought before this district. In *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, Case No. 01-cv-1451 (D. Colo.), for example, Robbins Geller filed the initial complaint long before any investigation into Qwest's financial statements was initiated by the SEC or Department of Justice and served as lead counsel for a class of investors that purchased Qwest securities. After five years of litigation, lead plaintiffs entered into a settlement with Qwest and certain individual defendants that provided a $400 million recovery for the class and created a mechanism that allowed the vast majority of class members to share in an additional $250 million recovered by the SEC. Robbins Geller was also appointed class counsel in *Brody vs. Hellman (U.S. West Dividend Litigation)*, Case No. 00-CV-4142 (Dist.

Ct. for the City & Cty. of Denver, Colo.) which settled for $50 million on the day before trial was scheduled to commence.[3] At the August 30, 2005 final approval hearing relating to the settlement, the court noted that the case:

> "was litigated by extremely talented lawyers on both sides" and that the settlement was "a great result." In describing the risk taken by the Firm and its co-counsel, the court noted, "There wasn't any other lawyer[] in the United States that took the gamble that these people did. Not one other firm anywhere said I'm willing to take that on. I'll go five years. I'll pay out the expenses. I'll put my time and effort on the line." In discussing the difficulties facing the Firm in this case, the court said, "There wasn't any issue that wasn't fought. It took a great deal of skill to get to the point of trial." In concluding, the court remarked that the class was "fortunate they had some lawyers that had the guts to come forward and do it."

Robbins Geller is well-known for its extensive experience in prosecuting derivative and class actions in corporate takeover situations and has demonstrated its ability to efficiently, aggressively and effectively litigate these types of actions and protect the interests of shareholders. Robbins Geller has, in numerous cases (both alone and as part of a coalition of other counsel), secured billions of dollars of additional consideration as part of the eventual merger transaction.[4]

---

[3] Kip Shuman of The Shuman Law Firm was appointed liaison counsel in both *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, Case No. 01-cv-1451 (D. Colo.), and *Brody vs. Hellman (U.S. West Dividend Litigation)*, Case No. 00-CV-4142 (Dist. Ct. for the City & Cty. of Denver, Colo.).

[4]     Examples are: *In re Chiron S'holder Deal Litig.*, No. RG 05-230567 (Cal. Super Ct., Alameda County) ($800 million for Chiron shareholders); *Harrah's Entertainment* ($1.65 billion for shareholders); *Hattan v. Restoration Hardware Inc.*, No. CV 075563 (Cal. Super. Ct., Marin County) (additional 4% in merger consideration for shareholders); *(In re Electronic Data Systems Class Action Litig.*, No. 366-01078-2008 (Collin County Dist. Ct., Tex.) ($25 million in the form of a cash dividend for shareholders); *In re Cameron Ashley Sec. Transaction*, No. 00-0971-A (Dallas County Ct., Tex.) ($33 million benefit for shareholders); *Feldman v. Walden Residential Props. Inc.*, No.

Robbins Umeda also has an impressive record in litigating cases like this one. Robbins Umeda has broad experience in transactional breach of fiduciary duty actions, and has the resources necessary to efficiently conduct this litigation.  Within the last few years alone, Robbins Umeda has acted as lead or co-lead counsel representing classes of public shareholders challenging the adequacy of disclosures and the value of consideration offered in several large corporate transactions.  In these actions, Robbins Umeda was able to both protect the shareholders' interest and obtain substantial benefits, including higher consideration and additional disclosures of material facts previously omitted in the solicitation materials.  The following cases are examples of large merger actions that Robbins Umeda has successfully resolved:

- $25.9 billion acquisition of Phelps Dodge by Freeport-McMoRan (Robbins Umeda secured disclosures of formerly non-public material information regarding the merger terms prior to the shareholders' vote and succeeded in negotiating the creation of a multi-million dollar fund that would be paid out to the class in the event that certain Phelps-Dodge assets were sold following the merger);

---

CC-99-11645-07 (Dallas County Ct., Tex.) (forced the repurchase for cash of over $100 million of preferred stock); *In re Dole S'holders Litig.*, No. BC281949 (Cal. Super. Ct., Los Angeles County) (a $172 million increase in the merger consideration paid to Dole shareholders); *Soden v. Castle & Cooke, Inc.*, No. 00-1-0145 (D. Haw.) (over $28 million in additional benefits); *Lacoff v. Amdahl Corp.*, No. CV767860 (Cal. Super. Ct., Santa Clara County) (over $25 million in additional consideration obtained for shareholders); *In re Corrections Corp. S'holders Litig.*, No. 98-1257-III (Davidson County Ch. Ct., Tenn.) ($55 million worth of additional payments to shareholders); *Harbor Fin. Partners v. Irvine Apartment Communities*, No. 802731 (Cal. Super. Ct., Orange County) ($25 million in estimated financial value for shareholders); *Joseph v. Heisley*, No. 20188-NC (Del. Ch.) (97% increase in consideration paid to shareholders after full trial on merits); *In re Goody's Family Clothing, Inc. S'holder Litig.*, No. 165357-2 (Knox County Ch. Ct., Tenn.) (20% increase in consideration paid to shareholders); *In re iPayment, Inc. S'holder Litig.*, No. 05-1250-I (Davidson County Ch. Ct., Tenn.) (15% increase in consideration paid to shareholders); and *Pennsylvania Avenue Partners LLC v. King Power Int'l Group Co., Ltd.*, No. A455306 (Clark County Dist. Ct., Nev.) (15% increase in consideration paid to shareholders).

- • $17.7 billion acquisition of Albertsons, Inc.(Robbins Umeda ensured additional disclosures of material information ahead of the scheduled shareholder vote);

- • $857 million acquisition of Mid-State Bancshares (Robbins Umeda eliminated restrictive "no shop" and confidentiality provisions from the merger agreement and obtained improved disclosures); and

- • Chevron's $17.4 billion acquisition of Unocal Corp (Robbins Umeda obtained improved disclosures and an additional $500 million for the shareholder class).

Indeed, courts have specifically praised Robbins Umeda's work in these types of actions. For example, in the Albertson's matter, Presiding Judge Williamson stated: "[t]hroughout the litigation, they have shown themselves to be capable and qualified to represent the Class" and "Class counsel is more than experienced and has the ability to bring this Action. Class counsel has a nationwide reputation for handling shareholder derivative litigation, various class actions, and complex litigation ". *Carmona v. Bryant, et al.*, Case No. CV-OC-0601251, Revised Memorandum Decision and Order on Plaintiff's Motion for Final Approval of Settlement, entered January 23, 2007 at 23 & 49. Moreover, Robbins Umeda and its attorneys have obtained numerous benefits for its clients and shareholders in this District and nationwide. *See Garza v. J.D. Edwards & Co.*, No. 99-1744 (D. Colo. Mar. 21, 2002).

Kip B. Shuman of The Shuman Law Firm has served as either plaintiff's lead counsel or liaison counsel in virtually every securities class action in this district in the last 15 years. As such, the Shuman Law Firm is highly experienced in litigating these matters. Courts in this district have praised the Shuman Law Firm in prior class action cases. For example, at a hearing to appoint lead plaintiffs, lead counsel, and liaison counsel in *In Re Rhythms*

*Securities Litigation*, United States District Court Senior Judge John L. Kane complimented

Mr. Shuman on having done an "excellent job" in all of the class action securities matters

held in his court to date.  In this district alone, some of the securities class actions that Mr.

Shuman has served as lead or liaison counsel are as follows:

- *Rasner v. FirstWorld Communications Inc.*, Case No. 00-K-1376 (D. Colo.) (co-lead counsel) ($25.925 million recovered);

- *In re Samsonite Corp. Sec. Litig.*, Case No. 98-K-1878 (D. Colo.) (co-lead counsel) ($24 million recovered);

- *Queen Uno Ltd. Partnership. v. Coeur D' Alene Mines Corp.*, Case No. 97-WY-1431 (D. Colo.) (co-lead counsel) ($13 million recovered);

- *Angres v. Smallworldwide PLC*, Case No. 99-K-1254 (D. Colo.) (co-lead counsel) ($9.85 million recovered);

- *In re Qwest Comms. Int'l Sec. Litig.*, Case No. 01-cv-1451-REB-CBS (D. Colo.) (liaison counsel) ($400 million recovered), and

- *Garza v. J.D. Edwards & Co.*, Case No. 99-N-1744 (D. Colo.) (liaison counsel) ($15 million recovered).

More recently, in September and November of 2009, The Shuman Law Firm was

appointed liaison counsel in nine District of Colorado coordinated securities class

actions and was charged with coordinating all aspects of the nine cases with the nine

lead counsel appointed by the Court, counsel for defendants, and the Court.  *See In re*

*Oppenheimer Champion Fund Securities Fraud Class Action*, Case No. 1:09-cv-386

(Doc. #76); *In re Oppenheimer Core Bond Fund Securities Fraud Class Action*, Case

No. 1:09-cv-1186 (Doc. #70); *In re: Oppenheimer Rochester Funds Group Securities*

*Litigation*, Case No. 1:09-md-2063 (Doc. #223).

- 11 -

Thus, this factor weighs heavily in favor of the appointment of Robbins Geller and Robbins Umeda as Interim Co-Lead Counsel and the Shuman Law firm as Interim Liaison Counsel.

### C.      Plaintiffs' Counsel's Knowledge of the Applicable Law

Robbins Geller, Robbins Umeda and the Shuman Law Firm also have the required knowledge of the applicable law.  Each of the three firms has sought and attained class certification numerous times in federal courts and has brought breach of fiduciary duty cases.  Thus, Robbins Geller, Robbins Umeda and The Shuman Law Firm have significant experience dealing with the matters of federal procedural law that will be at issue in this case. *See* Exs. A-C.

Accordingly, Plaintiffs' Counsel's knowledge of applicable law makes them well qualified to represent the class.

### D.      Plaintiffs' Counsel's Willingness to Commit Adequate Resources

As detailed in the firm resumes the three law firms can and will contribute all necessary resources for effective prosecution.  *See* Exs. A-C.

The importance of selecting the most well-capitalized law firm to represent the Company's shareholders is even clearer when considering the resources and representation of the litigants on the other side of the bar.  The defendants to this action are all well-capitalized litigants.  In order to ensure that the Company's shareholders are best represented against this impressive collection of counsel on the other side of the bar, the class needs an aggressive, well capitalized advocate willing to litigate this case effectively

to its conclusion, up to and including trial, if necessary.  Robbins Geller, Robbins Umeda and the Shuman Law Firm have the qualifications to fulfill this important role.

## III.    CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court consolidate the Related Actions and appoint Robbins Geller and Robbins Umeda as Interim Co-Lead Counsel and the Shuman Law Firm as Interim Liaison Counsel for the consolidated actions.


DATED: May 6, 2010                    Respectfully Submitted,


                                      s/ Kip B. Shuman
                                      Kip B. Shuman
                                      Rusty E. Glenn
                                      **THE SHUMAN LAW FIRM**
                                      885 Arapahoe Avenue
                                      Boulder, CO  80302
                                      Telephone:  303/861-3003
                                      303/484-4886 (fax)
                                      kip@shumanlawfirm.com
                                      rusty@shumanlawfirm.com

                                      *Proposed Interim Liaison Class Counsel*

                                      **ROBBINS GELLER RUDMAN
                                         & DOWD LLP**
                                      Darren J. Robbins
                                      Michael J. Dowd
                                      Randall J. Baron
                                      David T. Wissbroecker
                                      655 West Broadway, Suite 1900
                                      San Diego, CA  92101
                                      Telephone:  619/231-1058
                                      619/231-7423 (fax)

- 13 -

**ROBBINS UMEDA LLP**
Brian J. Robbins
S. Benjamin Rozwood
Rebecca A. Peterson
Arshan Amiri
Jay N. Razzouk
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile:  (619) 525-3991

*Proposed Interim Co-Lead Class Counsel*

## **Certificate of Service**

I hereby certify that the foregoing was filed with this Court on May 6, 2010 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

        __ s/ Rusty E. Glenn_____
        Rusty E. Glenn