IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00925-WYD-CBS

CLARA DORN,

    Plaintiff,

v.

EDWARD A. MUELLER;
CHARLES L. BIGGS;
K. DANE BROOKSHER;
PETER S. HELLMAN;
R. DAVID HOOVER;
PATRICK J. MARTIN;
CAROLINE MATTHEWS;
WAYNE W. MURDY;
JAN L. MURLEY;
MICHAEL J. ROBERTS;
JAMES A. UNRUH;
ANTHONY WELTERS;
QWEST COMMUNICATIONS INTERNATIONAL INC.; and
CENTURYTEL, INC.,

    Defendants.

---

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE**

---

WHEREAS, a consolidated class action is pending before the Court captioned Dorn v. Mueller, et al., Lead Civil Action No. 1:10-cv-00925-WYD-CBS (the "Colorado Federal Action");

WHEREAS, a consolidated action styled In re Qwest Communications International Inc., Lead Case No. 2010cv3261 (the "Colorado State Action") is pending

in the District Court for the City and County of Denver, Colorado, 2nd Judicial District, and a consolidated action styled In re Qwest Communications International, Inc. Shareholder Litigation, Consolidated C.A. No. 5556-VCP (the "Delaware Action") is pending in the Court of Chancery of the State of Delaware;

WHEREAS, the parties having made application for an order approving the settlement of the Colorado Federal Action, in accordance with a Stipulation of Settlement dated as of December 10, 2010 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Colorado Federal Action and for dismissal of the Colorado Federal Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, for purposes of effectuating this settlement only, a Settlement Class of all Persons who held Qwest common stock either of record or beneficially at any time from and including April 22, 2010, through and including December 17, 2010.  Excluded from the Settlement Class are Defendants, members of the immediate family of any Individual Defendant, and the subsidiary companies and affiliates of Qwest, CenturyLink, or SB44 Acquisition Company.

2.      With respect to the Settlement Class, this Court finds and concludes, for

purposes of this settlement only, that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Colorado Federal Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Colorado Federal Plaintiff are typical of the claims of the Settlement Class; (d) the Colorado Federal Plaintiff and her counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other methods for the fair and efficient adjudication of the matter.

3.      After a preliminary review, the settlement appears to be fair, reasonable, adequate, and in the best interests of the Settlement Class.  The settlement: (a) resulted from extensive arm's-length negotiations; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the settlement.  Accordingly, the Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

4.      A hearing (the "Settlement Hearing") shall be held before this Court on February 25, 2011, at 9:00 a.m., at United States District Court for the District of Colorado at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3589, to determine whether the proposed settlement of the Colorado Federal Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; and whether a Judgment as provided in 1.7 of the Stipulation should be entered herein.  The Court may continue or adjourn the Settlement Hearing without further notice to Members of

the Settlement Class.

5.     The Court approves, as to form and content, the Notice of Settlement of Class Action (the "Notice"), annexed as Exhibit A-1 hereto, and finds that the mailing and distribution of the Notice, substantially in the manner and form set forth in 6, 7, and 9 of this Order, meet the requirements of Federal Rules of Civil Procedure 23, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.     Colorado Federal Plaintiff shall undertake the administrative responsibility for giving notice to the Settlement Class and is authorized to hire Gilardi & Co. LLC (the "Notice Administrator") to effectuate such notice subject to such supervision and direction of the Colorado Federal Plaintiff or the Court as may be necessary or the circumstances require as more fully set forth below.  Qwest or its successor(s) shall pay all reasonable costs and expenses in providing notice to the Settlement Class.

7.     Not later than December 29, 2010 (the "Notice Date"), the Notice Administrator shall cause a copy of the Notice, substantially in the form annexed hereto as Exhibit A-1, to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort.

8.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be filed with the Court proof, by affidavit or declaration, of such mailing.

9.     Nominees who held Qwest common stock at any time from and including April 22, 2010, through and including December 17, 2010 for the beneficial ownership of another shall mail the Notice to all such beneficial owners of such common stock within

ten (10) calendar days after receipt thereof or send a list of the names and addresses of such beneficial owners to the Notice Administrator within ten (10) calendar days of receipt, in which event the Notice Administrator shall promptly mail the Notice to such beneficial owners.

10. All Members of the Settlement Class shall be bound by all determinations and judgments in the Colorado Federal Action concerning the settlement, whether favorable or unfavorable to the Settlement Class.

11. Any Settlement Class Member may enter an appearance in the Colorado Federal Action, at their own expense, individually, or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

12. Pending the Effective Date, all proceedings in the Colorado Federal Action other than those necessary to effectuate the settlement shall be stayed.

13. Pending the Effective Date, Plaintiffs and all Settlement Class Members, and any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claim, either directly, representatively, derivatively, or in any other capacity, against any Released Person.

14. Any Member of the Settlement Class may appear and show cause, if he, she or it has any reason why the proposed settlement of the Actions should or should not be approved as fair, reasonable, and adequate, or why the Judgment should or should not be entered thereon provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed

settlement, or, if approved, the Judgment to be entered thereon approving the same unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs, such that they are received on or before February 8, 2011, by Jeffrey D. Light, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; Marc Umeda, Robbins Umeda LLP, 600 B Street, Suite 1900, San Diego, CA 92101; Matthew R. Kipp, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, IL 60606; Paul Schwartz, Shoemaker Ghiselli & Schwartz, LLC, 1811 Pearl Street, Boulder, CO 80302 and filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Colorado at the Alfred A. Arraj United States Courthouse, Room A-105, 901 19th Street, Denver, CO 80294-3589, on or before February 8, 2011.  Any Member of the Settlement Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Stipulation unless otherwise ordered by the Court.

15.     All papers including memoranda or briefs in support of the settlement or attorneys' fees and expenses shall be filed and served fourteen (14) calendar days prior to the deadline for Settlement Class Members to object to the settlement; and reply briefs or other papers supporting the settlement or attorneys' fees shall be filed and served seven (7) calendar days before the Settlement Hearing.

16.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or

concession by Defendants of the truth of any of the allegations in the Actions, or of any liability, fault, or wrongdoing of any kind.

17. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

    IT IS SO ORDERED.

    Dated:  December 20, 2010

                                          BY THE COURT:

                                          s/ Wiley Y. Daniel
                                          Wiley Y. Daniel
                                          Chief United States District Judge