IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00925-WYD-CBS

CLARA DORN,

      Plaintiff,

v.

EDWARD A. MUELLER;
CHARLES L. BIGGS;
K. DANE BROOKSHER;
PETER S. HELLMAN;
R. DAVID HOOVER;
PATRICK J. MARTIN;
CAROLINE MATTHEWS;
WAYNE W. MURDY;
JAN L. MURLEY;
MICHAEL J. ROBERTS;
JAMES A. UNRUH;
ANTHONY WELTERS;
QWEST COMMUNICATIONS INTERNATIONAL INC.; and
CENTURYTEL, INC.,

      Defendants.

---

## NOTICE OF SETTLEMENT OF CLASS ACTION

---

TO:    ALL PERSONS WHO HELD QWEST COMMUNICATIONS INTERNATIONAL, INC. ("QWEST" OR THE "COMPANY") COMMON STOCK EITHER OF RECORD OR BENEFICIALLY AT ANY TIME FROM AND INCLUDING APRIL 22, 2010, THROUGH AND INCLUDING DECEMBER 17, 2010.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.

    This Notice has been sent to you pursuant to an Order of the United States

District Court for the District of Colorado (the "Court").  The purpose of this Notice is to inform you of the proposed settlement of a class action litigation concerning the merger between Qwest Communications International Inc. ("Qwest" or the "Company") and CenturyTel, Inc. n/k/a CenturyLink, Inc. ("CenturyLink") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement. This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the settlement and this class action litigation. This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this litigation or the fairness or adequacy of the proposed settlement.

I.     THE LITIGATION

On April 22, 2010, Qwest and CenturyLink announced that they had entered into a definitive merger agreement pursuant to which Qwest stockholders would have the right to receive 0.1664 shares of CenturyLink common stock for each share of Qwest common stock (the "Merger").

On or after April 23, 2010, seven lawsuits were filed in this Court.  On May 28, 2010, these seven actions were consolidated under the lead case, Clara Dorn v. Edward A. Mueller, Charles L. Biggs, K. Dane Brooksher, Peter S. Hellman, R. David Hoover, Patrick J. Martin, Caroline Matthews, Wayne W. Murdy, Jan L. Murley, Michael J. Roberts, James A. Unruh, Anthony Welters, Qwest Communications International Inc., and CenturyTel, Inc., Lead Civil Action No. 1:10-cv-00925-WYD-CBS (the "Colorado Federal Action").  Robbins Geller Rudman & Dowd LLP and Robbins Umeda

LLP were appointed as Interim Co-Lead Counsel and The Shuman Law Firm was appointed as Interim Liaison Class Counsel in the Colorado Federal Action.

A consolidated action styled In re Qwest Communications International Inc., Lead Case No. 2010cv3261 (the "Colorado State Action") is also pending in the District Court for the City and County of Denver, Colorado, 2nd Judicial District.  In addition, a consolidated action styled In re Qwest Communications International, Inc. Shareholder Litigation, Consolidated C.A. No. 5556-VCP (the "Delaware Action") is pending in the Court of Chancery of the State of Delaware.  The Colorado State Action, Delaware Action, and Colorado Federal Action are collectively referred to as the "Actions."  The Actions name as defendants Edward A. Mueller, Charles L. Biggs, K. Dane Brooksher, Peter S. Hellman, R. David Hoover, Patrick J. Martin, Caroline Matthews, Wayne W. Murdy, Jan L. Murley, Michael J. Roberts, James A. Unruh, Anthony Welters, Joseph J. Euteneuer, Christopher J. Ancell, Qwest, CenturyLink, and SB44 Acquisition Company (collectively, the "Defendants").

Each of the Actions alleges, among other things, that Qwest and its board of directors breached their fiduciary duties in connection with their consideration and approval of the Merger, and that CenturyLink aided and abetted those alleged breaches of duty.

On June 4, 2010, in connection with the vote of Qwest shareholders on the Merger, Qwest and CenturyLink jointly filed with the U.S. Securities and Exchange Commission ("SEC") a Preliminary Registration Statement on Form S-4 (the "Preliminary Proxy"), which, among other things, summarizes and provides the

Agreement and Plan of Merger between Qwest and CenturyLink, and provides an account of the events leading up to the announcement of the Merger and of the valuation analyses performed by Qwest's and CenturyLink's bankers in connection with the Merger.  After the filing of the Preliminary Proxy,  plaintiffs in the Colorado Federal Action and the Delaware Action amended their complaint to allege that the Preliminary Proxy was deficient and misleading because it contained material misstatements and omitted information material to Qwest shareholders in connection with their vote on the Merger.  Defendants deny these and all other allegations of wrongdoing asserted by the plaintiffs in the Actions.  Nevertheless, Defendants agreed, as part of the settlement of the Actions, to make certain additional disclosures concerning the Merger in the Amendment No. 1 to Registration Statement on Form S-4 ("Final Statement") filed with the SEC on or about July 16, 2010.

Plaintiffs and their counsel conducted an extensive investigation regarding their claims for injunctive and declaratory relief in the Actions.  Plaintiffs also reviewed and analyzed internal non-public documents produced by Qwest.  Plaintiffs also engaged in arm's-length negotiations with Defendants regarding a possible resolution of the Actions.  As a result of these negotiations, the parties entered into an agreement-in-principle to resolve the Actions.  On July 16, 2010, the parties executed a Memorandum of Understanding ("MOU").  Plaintiffs thereafter conducted certain additional discovery to confirm the fairness, reasonableness, and adequacy of the settlement.  Following the conclusion of this confirmatory discovery, the parties conducted further negotiations regarding the final terms of the settlement resulting in the

execution of a Stipulation of Settlement dated as of December 10, 2010 (the "Stipulation").

The settlement set forth in the Stipulation reflects the results of the parties' arm's-length negotiations and the terms of the MOU.  An agreement-in-principle was only reached after arm's-length negotiations between the parties, all of whom were represented by counsel with extensive experience and expertise in shareholder class action litigation.  During the negotiations, all parties had a clear view of the strengths and weaknesses of their respective claims and defenses.  Plaintiffs and their counsel have concluded that the additional disclosures made by Defendants in the Final Statement, as outlined in Section II of this Notice, have provided Qwest shareholders with information sufficient to cast an informed vote on the Merger.  As a result, Plaintiffs and their counsel believe that the settlement is fair, reasonable, and adequate, and in the best interest of the Settlement Class.

## II.   TERMS OF THE PROPOSED SETTLEMENT

As a result of, among other things, discussions between and among the Settling Parties, in consideration for the full settlement and release of all Released Claims, Qwest and CenturyLink have made additional disclosures concerning the Merger in the Final Statement filed with the SEC on or about July 16, 2010.  Without admitting any wrongdoing, Defendants have acknowledged that the filing and prosecution of the Actions and discussions with Plaintiffs' Counsel were a substantial and contributing cause of their decision to make the supplemental disclosures, which contained information sought in the Colorado Federal Action and the Delaware Action.  The

additional disclosures include:

(a)      Additional information regarding the Selected Company Trading Analysis provided by Lazard Freres & Co. LLC ("Lazard"), Deutsche Bank Securities, Inc. ("Deutsche Bank"), and Morgan Stanley & Company Incorporated ("Morgan Stanley"), financial advisors to Qwest;

(b)      Additional information regarding the Selected Precedent Transactions Analysis provided by Lazard, Deutsche Bank, and Morgan Stanley;

(c)      Additional information regarding the Discounted Cash Flow Analysis provided by Lazard, Deutsche Bank, and Morgan Stanley;

(d)      Additional information regarding the Contribution Analysis provided by Lazard, Deutsche Bank, and Morgan Stanley;

(e)      Additional information regarding the Has/Gets Analysis provided by Lazard, Deutsche Bank, and Morgan Stanley;

(f)      Additional information regarding the Selected Publicly Traded Companies Analysis provided by Perella Weinberg Partners LP ("Perella Weinberg"), as the financial advisor to the Qwest Board of Directors;

(g)      Additional information regarding Perella Weinberg's Discounted Cash Flow Analysis;

(h)      Additional information regarding Perella Weinberg's Comparable Transactions Analysis;

(i)      Additional information regarding Perella Weinberg's Structurally Comparable Premia Paid Analysis;

(j)     Additional information regarding Perella Weinberg's Contribution Analysis;

(k)     Additional information regarding the investment banker who introduced the Chairman and Chief Executive Officer of Qwest and the Chief Executive Officer and President of CenturyLink;

(l)     Additional information regarding why Qwest allegedly did not pursue a potential alternative transaction with other parties;

(m)     Additional information regarding why Qwest allegedly did not pursue any downside protection on the stock exchange ratio to Qwest shareholders with CenturyLink;

(n)     Additional information regarding why Company A decided not to pursue an offer for Qwest;

(o)     Additional information regarding the decision of the Qwest Board of Directors to retain Deutsche Bank and Morgan Stanley as additional financial advisors to assist Lazard;

(p)     Additional information regarding the reasons why Qwest retained a financial advisor on February 16, 2010;

(q)     Additional information regarding the authority of the transaction committee to evaluate and recommend potential strategic alternatives;

(r)     Additional information regarding factors considered by the Qwest Board of Directors in its deliberations relating to the Merger; and

(s)     Additional information regarding Qwest's intention to redeem its convertible notes in light of the Merger.

After agreeing to the above provisions, the parties negotiated at arm's length the amount of attorneys' fees and expenses that, subject to Court approval, would be paid to Plaintiffs' Counsel as a result of those negotiations.  Qwest or its successor(s) in interest has agreed to pay, or cause to be paid to, on behalf of itself and for the benefit of the Defendants, Plaintiffs' Counsel's attorneys' fees and expenses in an amount of $2,000,000.  The settlement, however, is not conditioned on the Court awarding such an amount.

The Settling Parties also agree, for purposes of this settlement only, to the certification of a Settlement Class (defined below) under Federal Rule of Civil Procedure 23.

III.   REASONS FOR THE SETTLEMENT

The Plaintiffs believe that the claims asserted in the Actions have merit. However, Plaintiffs' Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions against the Defendants through trial and through appeals.  Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as the Actions, as well as the difficulties and delays inherent in such litigation.  Plaintiffs' Counsel also are mindful of the inherent problems of proof and possible defenses to the claims asserted in the Actions.  Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Plaintiffs' Counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Settlement Class.

The Defendants have denied, and continue to deny, each and all of the claims and contentions alleged by the Plaintiffs in the Actions.  The Defendants further have denied, and continue to deny, that they, or any one of them, committed or aided and abetted in the commission of any violation of law, or engaged in any of the wrongful acts alleged in the Actions, and expressly maintain that they diligently and scrupulously have complied with their fiduciary and other legal duties.  Specifically, the Defendants deny that the Merger materials provided to Qwest shareholders were incomplete or in any way misleading, that any additional disclosure was required under the SEC rules or any applicable legal principle, or that they have committed or threatened to commit any violations of the law or breaches of fiduciary duty to Plaintiffs, the Settlement Class, or anyone else, or that they have aided and abetted any such breaches of fiduciary duty. The Defendants also have denied and continue to deny, inter alia, the allegations that the Plaintiffs or the Settlement Class have suffered damage or that the Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Actions.

Nonetheless, to eliminate the burden and expense of further litigation, the Defendants have concluded that it is desirable that the Actions be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Actions.  The Defendants, therefore, have agreed to enter into the Stipulation solely to eliminate the burden and expense of further litigation.

IV.    NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing will be held on **February 25, 2011, at 9:00 a.m.**, before the Honorable Wiley Y. Daniel, Chief Judge, at the United States District Court for the District of Colorado at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3589 (the "Settlement Hearing").  The purpose of the Settlement Hearing will be to determine: (a) whether the settlement should be approved as fair, reasonable, and adequate; and (b) whether the Judgment (defined below) should be entered.  The Court may adjourn or continue the Settlement Hearing without further notice of any kind.

V.     DEFINITIONS USED IN THIS NOTICE

As used in the Stipulation, the following terms have the meanings specified:

1.1     "Colorado Federal Plaintiff" means Clara Dorn, individually and on behalf of all others similarly situated.

1.2     "Colorado State Plaintiffs" means Jack Presser and Michael Golombuski, individually and on behalf of all others similarly situated.

1.3     "Delaware Plaintiffs" means Lionel Patenaude, Lorrieann E. Martin, Mark Respler, and J. Cola Inc., individually and on behalf of all others similarly situated.

1.4     "Effective Date" means the first date by which all of the events and conditions specified in 6.1 of the Stipulation have occurred and have been met.

1.5     "Final" means: (i) the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal

from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment approving the Stipulation.

1.6    "Individual Defendants" means Edward A. Mueller, Charles L. Biggs, K. Dane Brooksher, Peter S. Hellman, R. David Hoover, Patrick J. Martin, Caroline Matthews, Wayne W. Murdy, Jan L. Murley, Michael J. Roberts, James A. Unruh, Anthony Welters, Joseph J. Euteneur, and Christopher J. Ancell.

1.7    "Judgment" means the judgment to be rendered by this Court approving the Stipulation.

1.8    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Michael J. Dowd, Randall J. Baron, Jeffrey D. Light, David Wissbroecker, 655 West Broadway, Suite 1900, San Diego, California 92101; and Robbins Umeda LLP, Brian J. Robbins, 600 B Street, Suite 1900, San Diego, California 92101.

1.9    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, administrators, agents, executors, attorneys, assigns, and/or assignees.

1.10   "Plaintiffs" means the Colorado State Plaintiffs, the Delaware Plaintiffs, and the Colorado Federal Plaintiff.

1.11   "Plaintiffs' Counsel" means any counsel who have appeared for any one of the

Plaintiffs in the Actions.

1.12   "Released Claims" shall mean, collectively, all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been, could have been, or in the future could or might be asserted in any court, tribunal, or proceeding (including, but not limited to, any claims arising under federal, state, foreign, or common law, including the federal securities laws and any state disclosure law), by or on behalf of Plaintiffs or any Member of the Settlement Class, whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any capacity against the Released Persons which have arisen, could have arisen, arise now, or hereafter may arise out of or relate in any manner to the acts, events, facts, matters, transactions, occurrences, statements, or representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Actions, the Merger, the transactions contemplated therein, or disclosures made in connection therewith (including the adequacy and completeness of such disclosures); provided, however, that the Released Claims shall not include any claims to enforce the settlement; and further provided that Released Claims shall not extend to any claims under the federal securities laws that do not in any respect arise out of, or do not relate in any manner to, the acts, events, facts, matters, transactions, occurrences, statements, or representations, or any other matter whatsoever set forth in or otherwise

related, directly or indirectly, to the allegations in the Actions, the Merger, the transactions contemplated therein, or disclosures made in connection therewith (including the adequacy and completeness of such disclosures).

1.13    "Released Persons" shall collectively mean Defendants or any of their families, parent entities, controlling persons, associates, affiliates, or subsidiaries and each and all of their respective past or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, or assigns.

1.14    "Settlement Class" means all Persons who held Qwest common stock either of record or beneficially at any time from and including April 22, 2010, through and including December 17, 2010.  Excluded from the Settlement Class are Defendants, members of the immediate family of any Individual Defendant, and the subsidiary companies and affiliates of Qwest, CenturyLink, or SB44 Acquisition Company.

1.15    "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class as set forth above.

1.16    "Settlement Class Period" means the period from and including April 22, 2010, through and including December 17, 2010.

1.17    "Settling Parties" means, collectively, each of the Defendants and the Plaintiffs

on behalf of themselves and the Members of the Settlement Class.

## VI.    ORDER CERTIFYING A SETTLEMENT CLASS FOR PURPOSES OF SETTLEMENT

On Monday, December 20, 2010, the Court certified the Settlement Class for purposes of settlement as defined above.

## VII.    DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter the Judgment.  The Judgment will release the Released Claims as to the Released Persons.

The Judgment will provide that all Settlement Class Members shall be deemed to have released and forever discharged all Released Claims against all Released Persons, and will be barred from asserting any of the Released Claims in the future, unless the settlement is canceled or terminated pursuant to the terms of the Stipulation.

## VIII.    CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events.  Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; (2) the closing of the Merger; (3) expiration of the time to appeal from or alter or amend the Judgment; and (4) dismissal with prejudice of the Colorado State Action and the Delaware Action.  If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions prior to the settlement.

## IX.    THE RIGHT TO BE HEARD AT THE HEARING

Any Settlement Class Member may, but is not required to, enter an appearance in the Actions and be represented by counsel of his, her or its choice and at his, her or its expense.  Any Settlement Class Member who does not enter an appearance will be represented by the attorneys for the Colorado Federal Plaintiff listed below.  Any Settlement Class Member who objects to any aspect of the settlement may appear and be heard at the Settlement Hearing.  Any such Person must serve a written notice of objection, by mailing or hand-delivering the written notice of objection to each of the following counsel, such that it is received **on or before February 8, 2011**:

ROBBINS GELLER RUDMAN
  & DOWD LLP
JEFFREY D. LIGHT
655 West Broadway, Suite 1900
San Diego, CA 92101

ROBBINS UMEDA LLP
MARC UMEDA
600 B Street, Suite 1900
San Diego, CA 92101

Lead Counsel for Colorado Federal Plaintiff

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
MATTHEW R. KIPP
155 North Wacker Drive
Chicago, IL 60606

Attorneys for Defendants Qwest Communications International Inc.,

Edward A. Mueller, Christopher
K. Ancell, Charles L. Biggs, K. Dane Brooksher,
Joseph J. Euteneuer, Peter S. Hellman, R. David
Hoover, Patrick J. Martin, Caroline Matthews,
Wayne W. Murdy, Jan L. Murley, Michael J. Roberts,
James A. Unruh, and Anthony Welters

Shoemaker Ghiselli & Schwartz, LLC
Paul Schwartz
1811 Pearl Street, Boulder, CO 80302

Attorneys for Defendants CenturyLink, Inc. and SB44 Acquisition Company

Any such written objection must also be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, Room A-105, 901 19th Street, Denver, Colorado 80294-3589, on or before **February 8**, **2011**.  The notice of objection must demonstrate the objecting Person's membership in the Settlement Class, and contain a statement of the reasons for objection.  Only Members of the Settlement Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

X.      NOTICE TO PERSONS OR ENTITIES HOLDING RECORD OWNERSHIP ON BEHALF OF OTHERS

If you hold or held any Qwest common stock at any time from and including April 22, 2010, through and including the date of the closing of the Merger, as nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Notice Administrator:

Qwest Shareholder Litigation

Notice Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

If you choose to mail the Notice yourself, you may obtain from the Notice Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Notice Administrator.

XI.    EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation.  For full details of the matters discussed in this Notice, you may desire to review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court for the District of Colorado at the Alfred A. Arraj United States Courthouse, Room A-105, 901 19th Street, Denver, Colorado 80294-3589.

For further information regarding this settlement you may contact: Robbins Geller Rudman & Dowd LLP, c/o Rick Nelson, Shareholder Relations, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900.

DO NOT TELEPHONE THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.