IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00925-WYD-CBS

CLARA DORN,

    Plaintiff,

v.

EDWARD A. MUELLER;
CHARLES L. BIGGS;
K. DANE BROOKSHER;
PETER S. HELLMAN;
R. DAVID HOOVER;
PATRICK J. MARTIN;
CAROLINE MATTHEWS;
WAYNE W. MURDY;
JAN L. MURLEY;
MICHAEL J. ROBERTS;
JAMES A. UNRUH;
ANTHONY WELTERS;
QWEST COMMUNICATIONS INTERNATIONAL INC.; and
CENTURYTEL, INC.,

    Defendants.

---

## FINAL JUDGMENT

---

THIS MATTER came before the Court for hearing pursuant to the Order of this Court, dated December 20, 2010, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of December 10, 2010 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Colorado Federal Action and over all parties to the Colorado Federal Action, including all Members of the Settlement Class. In addition, a consolidated action styled *In re Qwest Communications International Inc.*, Lead Case No. 2010cv3261 (the "Colorado State Action") is pending in the District Court for the City and County of Denver, Colorado, 2nd Judicial District, and a consolidated action styled *In re Qwest Communications International, Inc. Shareholder Litigation*, Consolidated C.A. No. 5556-VCP (the "Delaware Action") is pending the Court of Chancery of the State of Delaware. Pursuant to the terms of the Stipulation, the plaintiffs in the Colorado State Action and the Delaware Action will seek a dismissal with prejudice of those actions within ten (10) business days after this Court's entry of this Judgment.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies, for purposes of effectuating this settlement only, a Settlement Class of all Persons who held Qwest common stock either of record or beneficially at any time from and including April 22, 2010, through and including December 17, 2010. Excluded from the Settlement Class are Defendants, members of the immediate family of any Individual Defendant, and the subsidiary companies and affiliates of Qwest, CenturyLink, or SB44 Acquisition Company.

4. With respect to the Settlement Class, this Court finds and concludes, for purposes of this settlement only, that: (a) the Members of the Settlement Class are so

numerous that joinder of all Settlement Class Members in the Colorado Federal Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Colorado Federal Plaintiff are typical of the claims of the Settlement Class; (d) the Colorado Federal Plaintiff and her counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other methods for the fair and efficient adjudication of the matter.

5. This Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties and each of the Settlement Class Members, and the Settling Parties are hereby directed to perform its terms. The Stipulation is made a part of this Judgment as if fully set forth herein.

6. Upon the Effective Date, the Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment and law shall have, fully, finally, and forever released, relinquished, dismissed with prejudice on the merits, and discharged all Released Claims against the Released Persons.

7. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

8. Upon the Effective Date, the Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment and law shall have, fully, finally, and forever released, relinquished, dismissed with prejudice on the merits, and discharged all Released Claims against the Released Persons; provided, however, that Plaintiffs and Settlement Class Members shall have the right to enforce

the Stipulation.

       9.    The settlement extinguishes any and all Released Claims, and with respect to such Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiffs shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, waived and relinquished their rights to the extent permitted by state law, federal law, foreign law, or principle of common law with respect to the Released Claims. This shall include a waiver, by the Plaintiffs expressly and by each of the Settlement Class Members by operation of this Judgment, of any rights pursuant to §1542 of the California Civil Code (or any similar, comparable, or equivalent provision), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, any federal law or regulation, or any principle of common law or international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Plaintiffs shall expressly have and each Settlement Class Member, upon the Effective Date, shall be

deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of this Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a material element of the settlement of which this release is a part.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and counsel to the Plaintiffs from all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or non-contingent, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims; provided, however, that the Released Persons shall have the right to enforce the Stipulation ("Defendants' Released Claims").

11. The settlement extinguishes any and all Defendants' Released Claims, and with respect to such Defendants, the Settling Parties stipulate and agree that, upon

the Effective Date, the Defendants shall expressly waive and relinquish, and each of the Released Persons, shall be deemed to have, and by operation of this Judgment shall have, waived and relinquished their rights to the extent permitted by state law, federal law, foreign law, or principle of common law with respect to the Defendants.  This shall include a waiver, by the Defendants expressly and by each of the Released Persons by operation of this Judgment, of any rights pursuant to §1542 of the California Civil Code (or any similar, comparable, or equivalent provision), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Defendants and each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, any federal law or regulation, or any principle of common law or international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Defendants and Released Persons may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Defendants' Released Claims, but the Defendants shall expressly have and each Released Person, upon the Effective Date, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled and released any and all Defendants' Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of

law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and the Released Persons shall be deemed by operation of this Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a material element of the settlement of which this release is a part.

12. The Notice of Settlement of Class Action given to the Settlement Class, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth herein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice. Said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

13. The Court orders that Qwest or its successor(s)-in-interest shall pay, or cause to be paid, on behalf of itself and for the benefit of the Defendants, the sum of $2,000,000.00 in attorneys' fees and expenses to Plaintiffs' Counsel in accordance with, and subject to the terms and conditions of ¶¶5.1-5.3 of the Stipulation.

14. During the course of the Colorado Federal Action, all Settling Parties and their counsel complied with Federal Rule of Civil Procedure 11.

15. The Stipulation, the settlement contained therein, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement is not and shall not be deemed to be or be used as a presumption, admission,

concession, or evidence of the validity or lack thereof of any Released Claim, or of any fault, omission, damages, wrongdoing, or liability of any of the Defendants or any Released Person.  The Stipulation, the settlement contained therein, and any act performed or document executed to or in furtherance of the Stipulation or the settlement is not and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any Person for any purpose, including, but not limited to, as an admission, concession, evidence, presumption, or inference against any of the Defendants or any Released Person, in any proceeding (including, but not limited to, any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal) other than such a proceeding as may be necessary to consummate or enforce the Stipulation and the settlement contained therein.  The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement; and (b) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

17. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be

null and void to the extent provided by and in accordance with the Stipulation.

18. Section 1715(d) of the Class Action Fairness Act, 28 U.S.C. Section 1715 ("CAFA"), specifies that an order giving final approval of a proposed settlement may not be entered until ninety days after the date on which notice pursuant to CAFA is served on designated Federal and State attorneys general.  Defendants served notice of the settlement on the designated Federal and State officials on December 17, 2010, following this Court's preliminary approval of the settlement.  CAFA therefore requires that the Court not enter the Judgment until March 17, 2011.  **Accordingly, absent an objection filed with the Court from any of the State or Federal officials designated by CAFA, this Judgment shall be entered on the Court's docket, and shall become effective, on March 17, 2011.**

IT IS SO ORDERED.

Dated:  February 28, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge